**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NICOLE MCDONAGH, et al.,

       Plaintiff(s),

v.

HARRAH'S LAS VEGAS, INC., et al.,

       Defendant(s).

2:13-CV-1744 JCM (CWH)

**ORDER**

       Presently before the court is a motion to dismiss filed by defendants Harrah's Las Vegas, Inc. and Harrah's Entertainment, LLC. (Doc. # 21). Plaintiffs Nicole McDonagh and David Grucello filed a response in opposition (doc. # 23), and defendants filed a reply (doc. # 28).

       Also before the court is plaintiffs' motion for circulation of notice of a pending FLSA 29 U.S.C. § 216(b) collective action. (Doc. # 26). Defendants filed a response in opposition (doc. # 33), and plaintiffs filed a reply (doc. # 38).

**I.    Background**

       In this case, plaintiffs assert claims on behalf of themselves and a proposed class consisting of all dual-rate supervisors and hourly employees employed by the defendants.

       Plaintiffs filed the instant lawsuit alleging several causes of action: (1) violation of the Fair Labor Standards Act ("FLSA"), (2) breach of employment contract and NRS 608.040, (3) violations

**James C. Mahan**
**U.S. District Judge**

1  of NRS 608.016, 608.030, and 608.140, (4) failure to pay minimum wage in violation of the Nevada
2  constitution, (5) failure to pay overtime wages in violation of NRS 6.08.140 and 608.018, and (6)
3  failure to timely pay all wages due and owing upon termination pursuant to NRS 608.140 and
4  608.020-.050.

        Plaintiffs allege that hourly employees and dual-shift supervisors were required to arrive at work ten to fifteen minutes before their shifts began in order to attend management-conducted meetings referred to as "buzz sessions." (Doc. # 20 at p. 3). Plaintiffs further allege that these hourly employees and dual-shift supervisors were not paid for the time they spent at these "buzz sessions." (Doc. # 20 at p. 3).

        Plaintiffs argue that the suit is a continuation of *Daprizio v. Harrah's Las Vegas Inc.*, 2:10-cv-00604-GMN, 2013 WL 5328386 (D. Nev. 2013) which was filed in April of 2010. (Doc. # 23 at p. 4). *Daprizio* attempted to argue similar claims on behalf of a class of plaintiffs. (Doc. # 23 at p. 4). However no class certification was ever requested. (Doc. # 21 at p. 17). Daprizio was dismissed as a result of her failure to disclose the litigation on her bankruptcy schedule which legally estopped her from pursuing the claim. (Doc. # 23 at p. 4).

**II.**    **Defendants' Motion to Dismiss**

    A.    Legal Standard

        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

. . .

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

B. Discussion

1. Tolling

Plaintiffs allege that for purposes of the statute of limitations, the action should be treated as if it was commenced on April 27, 2010, by the filing of *Daprizio v. Harrah's Las Vegas, Inc.* in the District of Nevada. Plaintiffs' cite to *American Pipe* in reasoning that the statute of limitations should be tolled. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). Defendants contend that *American Pipe* does not relate to this case and cite to the Ninth Circuit's opinion in *Robbin v. Fluor Corp.* which distinguished *American Pipe* in cases in which class certification has been denied and a new member of the class attempts to re-litigate class certification. 835 F. 2d 213, 214 (9th Cir. 1987). Plaintiffs respond by referencing another Ninth Circuit opinion in which the court granted tolling in a class action that had previously been properly certified in a prior case. *Catholic Soc. Serv., Inc. v. I.N.S.*, 232 F.3d 1139, 1140 (9th Cir. 2000) (en banc). In *Catholic Social Services*, the earlier action had been dismissed due to concerns beyond the merits of the claims or class. *Id.*

*American Pipe* allows for the tolling of the statute of limitations for "all asserted members of the class who would have been parties had the suit been permitted to continue." 414 U.S. at 554.

Once the statute of limitations has been tolled, it remains tolled for all members of the class until class certification is denied. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983).

Plaintiffs in the present case were members of the proposed *Daprizio* class. Therefore the question is whether the asserted class in the present action can also qualify under *American Pipe*.

In order to determine whether *American Pipe* relates to the current action, a review of the prior action in *Daprizio* is needed. *Daprizio* was filed in April 2010, and attempted to bring a class action relating to the same or similar facts as in the present case. *Daprizio v. Harrah's Las Vegas, Inc.*, 2:10-CV-00604-GMN, 2013 WL 5328386 (D. Nev. Sept. 20, 2013). A scheduling order was entered in March, 2012, which provided a deadline of May 31, 2012, to add parties or amend pleadings. *Id.* The scheduling order also placed a deadline of September 28, 2012, for plaintiffs to file a motion for conditional certification or a motion to certify class. *Id.* Daprizio failed to ever file a motion for conditional certification or to certify class. *Id.* In November 2012, Harrah's filed a motion for summary judgment which was granted on September, 20, 2013, for estoppel reasons arising out of an unrelated bankruptcy proceeding Daprizio was involved in. *Id.*

The parties are correct that neither *Robbin* nor *Catholic Social Services* are directly on point about whether *American Pipe* tolling applies in the present case. Unlike *Robbin*, class certification was not denied in the prior action and was never actually requested; and unlike *Catholic Social Services*, class certification was not granted in the prior action, because–again–it was never requested. Plaintiffs correctly point out that the matter of class certification on its merits has not been heard. However, after the deadline for filing a class-certification motion passed in *Daprizio*, plaintiffs in the present action were on notice that their claim was not being litigated, and that the proposed class that they purported to be a part of was not going to be certified.

Accordingly, the court finds that *American Pipe* tolling is appropriate for plaintiffs between April 27, 2010, and September 28, 2012, the period during which *Daprizio* was pending. The statute of limitations then continued to run for plaintiffs from September 29, 2012, until September 23, 2013, the date the present action was filed.

. . .

### 2.  Second Cause of Action - Failure to Plead Facts

Defendants contend that plaintiffs' second cause of action should be dismissed for failure to plead a contract. (Doc. # 21 at p. 7). Defendants argue that because plaintiffs have not pled the specifics of an employment contract for either the named individuals or for any members of the alleged class, the plaintiffs have not met the standards of Rule 8 pleading. (Doc. # 21 at p. 8).

As both parties point out, the elements of a claim for breach of contract are: (1) the existence of a contract, (2) breach of that contract, and (3) damage as a result of the breach.

In a motion to dismiss, a court accepts as true all well pled facts contained in the complaint. *Iqbal*, 556 U.S. at 678. In the amended complaint plaintiffs have pled that they were employed by defendants. (Doc. # 20 at p. 4-6). The court finds that plaintiffs, having pled that they were employees, is sufficient to infer the existence of an employment contract.

Alternatively defendants argue that violations of NRS 608.040 must be dismissed because plaintiffs have not pled that the "30 days of pay" (due for employees not paid after resigning, quitting, or being discharged) was contracted for. (Doc. # 21 at p. 9-10). However, the penalty under NRS 608.040 is a statutory penalty and is not required as part of an employment contract for plaintiffs to allege a violation.

Defendants' motion to dismiss will therefore be denied as to the second cause of action.

### 3.  Third, Fifth, and Sixth Causes of Action - Private Right of Action

Defendants argue that plaintiffs' third, fifth, and sixth causes of action must be dismissed because no private right of action was created by the statutes at issue in this case. (Doc. # 21 at p. 10).

The current landscape regarding whether chapter 608 of the NRS creates private rights of action is anything but clear. However, this court has previously held that no private right of action exists to enforce labor statutes arising from NRS §§ 608.010 et. seq. and 608.020 et. seq. *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1219 (D. Nev. 2013); *see also Descutner v. Newmont USA Ltd.*, 3:13-cv-00371-RCJ-VPC, 2012 WL 5387703, *2 (D. Nev. 2012) (finding no private right of action under NRS 608.018); *Lucatelli v. Texas De Brazil (Las Vegas)*

James C. Mahan
U.S. District Judge

- 5 -

*Corp.*, 2:11-cv-01829-RCJ, 2012 WL 1681394, *3 (D. Nev. 2012) (dismissing plaintiff's claims under NRS 608.018, 608.020, and 608.040, for overtime pay, payment at time of discharge, and penalty for failure to pay at time of discharge, respectively, and finding that the violations of Nevada labor statutes could not be asserted as private rights of action). The current tide of common law appears to show that NRS 608.140 "does not imply a private remedy to enforce labor statutes, which impose external standards for wages and hours," but only provides private rights of action for contractual claims. *Descutner v. Newmont USA Ltd.*, 3:12-cv-00371-RCJ-VPC, 2012 WL 5387703, *2 (D. Nev. 2012).

Notably, NRS 608.180 charges the labor commissioner with enforcement of NRS 608.005-608.195, which this court finds persuasive to imply that no private rights of action exist for the included statutes.

Therefore, the court will grant defendants' motion to dismiss regarding the third, fifth, and sixth causes of action.

*4.   Fourth Cause of Action - Statute of Limitations*

Defendants argue that plaintiffs are not entitled to a six-year statute of limitations for failure to pay minimum wage. (Doc. # 21 at p. 12). Plaintiffs argue that Nevada's constitutional creation of a private right of action, which does not set forth a statute of limitations, implies a six-year statute of limitations as provided by NRS 11.190(1)(b). (Doc. # 23 at p. 22). Defendants cite to NRS 608.260, which establishes a two-year statute of limitations for collection of unpaid minimum wage. (Doc. # 21 at p. 13).

While article 15, section 16 of the Nevada constitution does create a new two-tiered minimum wage in the state, the section is silent on whether it changes the two-year statute of limitations in the Nevada Revised Statutes. Therefore the court finds that the constitutional provision was not intended to change this two-year statute of limitations.

Accordingly, plaintiffs are only entitled to a two-year statute of limitations for the fourth cause of action, failure to pay minimum wage in violation of the Nevada constitution.

. . .

James C. Mahan
U.S. District Judge

- 6 -

        *5.*       *Extent of the Proposed Class*

Defendants request that the court dismiss class allegations that extend beyond the dealers and dual-rate supervisors at Harrah's Las Vegas, for failure to state a claim upon which relief can be granted. (Doc. # 21 at p. 13).

Plaintiffs have adequately pled that hourly shift employees were subject to the same policies and practices as the hourly shift dealers. Plaintiffs have met the requirements under Rule 8 regarding the alleged class.

Therefore, defendants' motion to dismiss claims extending beyond dealers and dual-rate supervisors will be denied.

### III. Plaintiffs' Motion for Collective Action Certification

    A.    Legal Standard

The Fair Labor Standards Act ("FLSA") was created to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the act. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981). The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id.* at 740. Under the FLSA, an employee may initiate a collective action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). Court-supervised notice of pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

        *1.*       *"Fairly Lenient" Standard Requiring Substantial Allegations, Based in Fact and Personal Knowledge, of a Single Policy or Plan*

There is a two-tiered approach to certifying a collective class action under the FLSA. The first tier is the "notice stage" in which the standard is "fairly lenient" and "typically results in conditional class certification." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). In the notice stage, the "essential question is whether employees are sufficiently similarly situated, that notice should be sent to prospective plaintiff[s]." *Small v. Univ. Med. Ctr. of S. Nev.*,

**James C. Mahan**
**U.S. District Judge**

2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *1 (D. Nev. 2013) (internal quotations omitted). This "fairly lenient" standard is used because, at the initial stage of a collective action, the court has only minimal evidence to make its determination as to class member certification. *Fetrow-Fix v. Harrah's Entertainment, Inc.*, 2:10-cv-00560-RLH-PAL, 2011 WL 6938594, at *3 (D. Nev. 2011).

However, "unsupported assertions of widespread violations are insufficient." *Small*, 2013 WL 3043454, at *1; *see also Allerton v. Sprint Nextel Corp.*, 2:09-cv-01325-RLJ-GWF, 2009 U.S. Dist. LEXIS 132454, at *27 (D. Nev. 2009) (holding that "[m]ere allegations will not suffice [to meet plaintiff's burden]; some factual evidence is necessary" and that affidavits in support of the motion to circulate must "be based on the affiant's personal knowledge"); *Silva v. Gordon Gaming Corp.*, 2:06-cv-00696-JCM-PAL, 2006 WL 3542716, at *3-4 (D. Nev. 2006) (declarations based on "information and belief" are not sufficient to meet a plaintiff's burden on a motion to circulate notice under the FSLA).

Therefore, although the standard is low, the motion must "provide substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Small*, 2013 WL 3043454 at *1. Plaintiffs must show "a factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice," and "plaintiffs cannot proceed [] if the action relates to other specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, n.6 (D. Nev. 1999).

    2. *Geographic Scope of Certification*

The court will limit the geographic scope of an FLSA notice where the plaintiffs fail to provide sufficient supporting affidavits or other evidence of similar violations outside the geographic location in which the plaintiffs were employed. *See Davis v. Westgate Planet Hollywood Las Vegas, LLC.*, 2:08-cv-07722-RCJ-PAL, 2009 WL 102735, at *12-14 (D. Nev. 2009) (denying request to circulate nationwide notice when plaintiff's proof is limited to specific employees at specific location).

. . .

B.  Discussion

Plaintiffs' motion seeks to circulate notice of a collective action under the FLSA. Defendants oppose this motion on several grounds. For clarity, the court will address plaintiffs' request first, followed by defendants' arguments.

*1.  Sufficiently Similarly Situated*

Plaintiffs have made "substantial allegations" supported by the evidence that defendants had a company-wide policy of mandatory "buzz-sessions" which employees attended off the clock. (Doc. # 26). The lenient standard for conditional class certification has been met for potential plaintiffs who were required to attend these "buzz-sessions."

Defendants argue that plaintiffs have not provided evidence for the additional claims of "rounding" and of the additional off-the-clock training for dual-rate supervisors. (Doc. # 33 at p. 7-8). The court agrees and will not allow conditional certification of the collective action on those claims.

*2.  Written Consent*

Defendants argue that because plaintiffs have not filed written consent to sue with the court, the claim should be dismissed without prejudice, and the motion for conditional certification should be denied. (Doc. # 33 at p. 5).

Plaintiffs have subsequently filed their consents to sue with their reply in support of motion to circulate. (Doc. # 38 at exhibits 1-2). The court agrees with plaintiffs that this was a defect that has been cured.

*3.  Time Barred*

Defendants argue that plaintiffs are time barred because the alleged practice of "pre-shift 'buzz' meetings" ended in 2010, and that the statute of limitations for FLSA claims is three years. (Doc. # 33 at p. 5-6). Defendants rely on the declaration of Harrah's Las Vegas, LLC's vice president of table games for its assertion. Plaintiffs have provided evidence in the form of declarations stating that they have been employed at Harrah's Las Vegas for a number of years, some of which were after 2010, and they were required to attend the alleged meetings every day before clocking in. (Doc. #

**James C. Mahan**
**U.S. District Judge**

- 9 -

26 at exhibits 4-5).

Plaintiffs therefore have provided the minimal evidence needed for a court to allow notice to be circulated, as the evidence shows that claims may exist that are not time barred.

### 4.   *Equitable Tolling of Statute of Limitations*

Plaintiffs have requested that the statute of limitations be tolled while the motion for conditional collective action certification is being considered.

The Ninth Circuit has made it clear that equitable tolling applies when either (1) "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or (2) where "extraordinary circumstances beyond [the] plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). In this action, there is no suggestion that potential plaintiffs have been prevented from asserting claims by any wrongful conduct by defendants. Plaintiffs have asserted no extraordinary circumstances that may warrant a tolling of the statute of limitations. Plaintiffs' request is merely on the grounds of equity for potential opt-in plaintiffs.

While the court is sympathetic to the equitable grounds of plaintiffs' request, the statutory language is clear regarding the running of the statute of limitations for individual plaintiffs in a collective action. *See* 29 U.S.C. § 256. Therefore the court will not toll the statute of limitations for the period plaintiffs' motion has been pending.

### 5.   *Content and Time Limit of Notice*

Plaintiffs have submitted a proposed notice to the court for approval. (Doc. # 26-1). Defendants have objected to the proposed notice. (Doc. # 33 at p. 9). The court therefore orders a meet and confer so that the parties may find a mutually-acceptable form of notice to be submitted to the court for approval. This meet and confer must take place within thirty days of the issuance of this order.

Plaintiffs have also requested that the court allow the notice and consent to be translated into Spanish and mailed out with the English version. Plaintiffs have stated they will bear the costs of translation and mailing. The court will allow translation of the form that the parties find mutually

acceptable.

In regard to the window for opt-ins, the court will grant a sixty-day opt-in period, consistent with this district's precedent. *See, e.g.*, *Williams v. Trendwest Resorts, Inc.*, 2:05-cv-0605-RCJ-LRL, 2006 WL 3690686, at *2 (D. Nev. 2006). This sixty-day opt-in period shall begin running upon approval by the court of the mutually-acceptable form of notice.

## IV. Conclusion

The court concludes that plaintiffs' second cause of action adequately puts forward a claim for which relief can be granted. Defendants' motion to dismiss is denied as to this claim.

The court also finds that no private right of action exists to support plaintiffs' third, fifth, and sixth causes action. Defendants' motion to dismiss is granted as to those claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 21) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiffs' motion for conditional certification and circulation of notice of a pending FLSA § 216(b) collective action (doc. # 26) is GRANTED.

IT IS FURTHER ORDERED that the parties meet and confer in order to agree on a mutually acceptable notice to be submitted for the court's approval no later than thirty days following the entry of this order.

DATED June 17, 2014.

_____
UNITED STATES DISTRICT JUDGE