Mark R. Thierman NV  #8285
laborlawyer@pacbell.net
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada  89511
Telephone: (775)284-1500

David R. Markham CA Bar #071814 (pro hac vice)
dmarkham@markham-law.com
Janine R. Menhennet  CA Bar #163501 (pro hac vice)
jmenhennet@markham-law.com
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA  92101
Telephone: (619)399-3995

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE MCDONAGH, DAVID GRUCELLO, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HARRAH'S LAS VEGAS, INC., HARRAH'S ENTERTAINMENT, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  13-cv-01744 RFB CWH<br><br>Hon. Richard F. Boulware<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 2 TO MENHENNET DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

1  PLEASE TAKE NOTICE that Plaintiffs Nicole McDonagh and David Grucello hereby apply to the Court *ex parte* for leave to allow Plaintiffs to file the following documents under seal, pursuant to the Stipulated Protective Order filed on December 2, 2014 (Dkt. No. 57).  Defendant has been notified about the Plaintiffs' intention to file this application.  These documents are being submitted as part of the Declaration of Janine Menhennet in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, filed concurrently herewith.  The documents requested to be filed under seal are as follows:

- Menhennet Decl. Exhibit 2:  Excerpts of the deposition transcript of William M. Kelly, Defendant's 30(b)(6) witness.

Good cause exists to allow Plaintiffs to file this document under seal because (1) it is subject to the parties' Stipulated Protective Order; (2) it could be considered a document containing trade secrets or other non-public information of a proprietary, strategic, commercially valuable and/or competitively sensitive nature of Defendant.

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Janine R. Menhennet, and the pleadings, documents and records on file in this action, and such further or additional evidence or argument as may be presented before or at the time this application is taken under submission.

Dated:  December 3, 2014            **THE MARKHAM LAW FIRM**

By:/s/ Janine R. Menhennet  
Janine R. Menhennet  
jmenhennet@markham-law.com  
Attorneys for Plaintiffs

2  
PLAINTIFFS' *EX PARTE* APPLICATION TO FILE UNDER SEAL EXHIBIT 2 TO MENHENNET DECLARATION  
Case No.  13-cv-01744 CJM CWH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. GOOD CAUSE EXISTS TO SEAL EXHIBIT 2 TO MENHENNET DECLARATION

"[T]he Supreme Court recognize[s] a federal common law right to 'inspect and copy public records and documents.' This right extends to pretrial documents filed in civil cases…" *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1134 (9th Cir. 2003) (quoting *Nixon v. Warner Commc'n*, 435 U.S. 589, 597 (1978)). As such, there is "a strong presumption in favor of access to court records," *id*. at 1135 (citation omitted), unless the documents are "among those which have 'traditionally been kept secret for important policy reasons,'" *id*. at 1134 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

A party moving to seal a court document needs to overcome this presumption by meeting the compelling reasons standard. "That is, the party must articulate compelling reasons supported by specific factual findings,…that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotation marks omitted).

However, there is an exception to the presumption of access to court records for documents attached to a non-dispositive motion and filed under seal pursuant to a valid protective order. "[T]he presumption of access [is] rebutted because 'when a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality,'" *Foltz*, 331 F.3d at 1135 (quoting *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002)). In that respect, courts routinely enter protective orders for personal, sensitive information. *See, e.g., In re Zyprexa Injunction*, 474 F.Supp.2d 385, 394 (E.D.N.Y. 2007).

Here, documents sought to be sealed are marked "Confidential," pursuant to the Parties' Protective Order." The Stipulated Protective Order was filed by the Parties on December 2, 2014. *See* Dkt. No. 57. Thus, it has already been determined that good cause exists to seal those documents.

Further, Exhibit 2 to Menhennet Declaration, which is deposition testimony of Defendant's 30(b)(6) expert, qualifies as information containing trade secrets or other non-public information of a proprietary, strategic, commercially valuable and/or competitively sensitive nature of Defendant. *See Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 554 n.4 (C.D. Cal. 2007) ("Fed. R. Civ. P. 26(c)(7) does not limit its reach to 'trade secrets,' but also allows for protection of 'confidential commercial information.'") Thus, good cause exists to seal this document.

## II. CONCLUSION

For the reasons discussed above, the Court should grant Plaintiffs' *Ex Parte* Application to File Under Seal the unredacted version of Exhibits 2 to Menhennet Declaration. This document is subject to the Stipulated Protective Order. Additionally, independent reasons, such protection of financial and commercial information, and trade secrets, warrant sealing this documents.

Dated:  December 3, 2014        **THE MARKHAM LAW FIRM**

By:/s/ Janine R. Menhennet
Janine R. Menhennet
jmenhennet@markham-law.com
Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: December 10, 2014.        _____
HON. RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE

4
PLAINTIFFS' *EX PARTE* APPLICATION TO FILE UNDER SEAL EXHIBIT 2 TO MENHENNET DECLARATION
Case No.  13-cv-01744 CJM CWH

Mark R. Thierman NV  #8285
laborlawyer@pacbell.net
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada  89511
Telephone: (775)284-1500

David R. Markham CA Bar #071814 (pro hac vice)
dmarkham@markham-law.com
Janine R. Menhennet  CA Bar #163501 (pro hac vice)
jmenhennet@markham-law.com
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA  92101
Telephone: (619)399-3995

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICOLE MCDONAGH, DAVID GRUCELLO, on behalf of themselves, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRAH'S LAS VEGAS, INC., HARRAH'S ENTERTAINMENT, LLC, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.  13-cv-01744 RFB CWH<br><br>Hon. Richard F. Boulware<br><br>**DECLARATION OF JANINE R. MENHENNET IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **APPLICATION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 2 FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

I, Janine R. Menhennet, declare:

1. I am an attorney at law admitted *pro hac vice* to practice before this Court. I am an associate at the Markham Law Firm, counsel of record for Plaintiffs Nicole McDonagh and David Grucello in this action.

2. I submit this Declaration in support of Plaintiff's *Ex Parte* Application for Leave to File under Seal the Unredacted Exhibit 2 to Menhennet Declaration in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I would and could competently testify to those facts.

3. In compliance with the Parties' Stipulated Protective Order, filed on December 2, 2014, this application will be served on the opposing counsel. On December 3, 2014, I have informed Defendant's counsel of Plaintiffs' intention to file this application.

I declare under penalty of perjury under the laws of the State of Nevada and of the United States of America that the foregoing is true and correct.

Dated: December 3, 2014                    **THE MARKHAM LAW FIRM**

                                           By:/s/ Janine R. Menhennet
                                           Janine R. Menhennet
                                           jmenhennet@markham-law.com
                                           Attorneys for Plaintiffs