**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICOLE MCDONAGH, et al., ) | |
| Plaintiffs, ) | Case No. 2:13-cv-01744-CWH |
| vs. ) | **ORDER** |
| HARRAH'S LAS VEGAS, INC., et al., ) | |
| Defendants. ) | |

Presently before the court is the parties' joint motion for preliminary approval of class action settlement (ECF No. 87), filed on February 1, 2016. On May 31, 2016, this matter was referred to the undersigned on the parties' consent and upon special designation by United States District Judge Richard F. Boulware. (Order Referring Case to United States Magistrate Judge on Consent (ECF No. 90).)

Under 28 U.S.C. § 636(c)(1), a magistrate judge may exercise jurisdiction over a case in which a district court has jurisdiction "[u]pon the consent of the parties" and upon special designation by the district court. "Consent—whether express or implied through conduct—is the touchstone of magistrate judge jurisdiction." *Allen v. Meyer*, 755 F.3d 866, 868 (9th Cir. 2014) (quotation omitted); *see also Anderson v. Woodcreek Venture, Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003) (stating that consent to a magistrate judge's jurisdiction must be explicit, clear, voluntary and unambiguous); *Roell v. Withrow*, 538 U.S. 580, 590 (2003) (stating that a party impliedly consents to magistrate judge jurisdiction when "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge."). Three circuit courts of appeals have held that a magistrate judge has jurisdiction over a class action if the named parties expressly consent, even though the unnamed class members have

not consented. *Day v. Persels & Assoc.*, 729 F.3d 1309, 1316 (11th Cir. 2013); *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 181 (3d Cir. 2012); *Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 269 (7th Cir. 1998); *see also Arnold v. Ariz. Dep't of Public Safety*, 233 F.R.D. 537, 540 (D. Ariz. 2005) (finding that the named parties' consent confers magistrate judge jurisdiction).

      Here, plaintiffs' attorney signed the consent form on behalf of "Nicole McDonaugh, et al." Based on the consent form, it is unclear to the court whether McDonaugh claims authority to consent to magistrate judge jurisdiction on behalf of the other named plantiff, David Grucello, as well as the putative unnamed class members. Additionally, the proposed notice to the class does not notify the class members that named plaintiff Nicole McDonaugh consented to a magistrate judge. *See Day*, 729 F.3d at 1336-38 (Pro, P., dissenting) (discussing notice considerations and practical implications related to a named class representative's pre-certification consent to a magistrate judge). Given that a magistrate judge's jurisdiction to enter final judgment under § 636(c) is a jurisdictional question to be considered sua sponte, *Allen*, 755 F.3d at 867-68, the court will set a hearing to hear argument on whether § 636(c)(1)'s consent requirements have been satisfied in this case.

      IT IS THEREFORE ORDERED that a hearing is set for Tuesday, September 6, 2016, at 10:00 a.m. in Courtroom 3C, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada.

      IT IS FURTHER ORDERED that if the parties wish to file briefs on this issue, they must do so by August 30, 2016.

DATED: August 11, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**