Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
mark@thiermanbuck.com
josh@thiermanbuck.com

David R. Markham (*pro hac vice*)
The Markham Law Firm
750 B Street, Suite 1950
San Diego, CA 92101
Tel. (619) 399-3995
dmarkham@markham-law.com

Attorneys for plaintiffs Nicole McDonagh,
David Grucello, and the Putative Class

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE MCDONAGH and DAVID GRUCELLO, on behalf of themselves, and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HARRAH'S LAS VEGAS, INC., HARRAH'S ENTERTAINMENT, LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 13-cv-01744 RFB CWH<br><br>Hon. Richard F. Boulware II<br>Carl W. Hoffman, Magistrate Judge<br><br><br>[PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

On December 13, 2016, the Court conducted a fairness hearing to consider the

Joint Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees and Costs and Plaintiffs' Service Enhancements.  Counsel for both plaintiffs and defendants appeared at the hearing.

Having considered the motion and all supporting legal authorities and documents the Court orders as follows:

IT IS HEREBY ORDERED THAT:

1. The Court adopts the defined terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation and all related matters, including plaintiffs, all settlement class members, and defendants.

3. The Court confirms as final the following settlement class pursuant to Fed. R. Civ. P. 23, as defined in the order granting preliminary approval of the settlement as: all current and former hourly paid dealers employed by Harrah's Las Vegas at any time from September 23, 2007 through June 30, 2010, and all current and former dual-rate hourly supervisors employed by Harrah's Las Vegas at any time from September 23, 2007 through June 30, 2014.

4. The Court confirms the appointment of Nicole McDonagh and David Grucello as class representatives.

5. The Court approves enhancement payments of $15,000 each for Nicole McDonagh and David Grucello and $5,000 to plaintiff Kimberley Daprizio.

6. The Court confirms the appointment of The Markham Law Firm and Thierman Buck LLP as class counsel and approves their requests for attorney's fees of $212,500 and litigation costs of $31,055.29.

7. The class notice was distributed to class members, pursuant to this Court's orders, and fully satisfied the requirements of Fed. R. Civ. P. 23 and any other applicable law.

8. Pursuant to Fed. R. Civ. P. 23(e), the Court grants final approval to this settlement and finds that the settlement is fair, reasonable, and adequate in all respects,

including the attorneys' fees, litigation costs, and service award provisions.  The Court finds that the settlement confers a substantial benefit to all settlement class members, considering the strength of plaintiffs' claims and the risk, expense, complexity, and duration of further litigation.  The response of the class supports settlement approval.  No class members objected to or requested exclusion from the settlement.  The Court also finds that the settlement is the result of arms-length negotiations between counsel with broad wage-hour class experience representing the interests of both sides, after thorough investigation of the claims and defenses asserted.  This supports approval of the settlement in accordance with the standards discussed in the joint motion for final approval of settlement.

9.     The Court finds that, as of the date of this Order, each settlement class member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement.

10.    The Court finds that the settlement administrator CPT Group, Inc. is entitled to $18,500 for administrative fees.

11.    The Court directs the parties to effectuate the settlement terms as set forth in the Settlement Agreement and the settlement administrator to calculate and pay the claims of the class members in accordance with the terms set forth in the Settlement Agreement.

12.    The Complaint is dismissed with prejudice.

13.    The Court retains jurisdiction to enforce the terms of the settlement.

Dated: December __13__, 2016

_____
Carl W. Hoffman
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2016 I caused to be served a true and correct copy of [PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT on all counsel of record via the Court's electronic filing system.

/s David R. Markham